IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | NO. EP-19-CR-1507-DCG |
| **PETER SEBASTIAN FELIX,** | § § § | |
| Defendant. | § | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO CONTINUE SENTENCING**

The United States of America ("the Government"), by and through the undersigned Assistant United States Attorney, hereby files its response in opposition to the Defendant, Peter Sebastian Felix's, "Motion to Continue Sentencing" filed on January 8, 2022 (ECF No. 114) (hereinafter "Second Motion to Continue"). Granting the Defendant's Second Motion to Continue would only serve to unnecessarily delay the proceeding and would not serve the ends of justice. Therefore, the Government respectfully requests that the Court deny the Defendant's Second Motion to Continue and would show the Court the following.

**I.      Background**

Defendant was charged in a three-count Indictment with one count of Production of a Visual Depiction of a Minor Engaging in Sexually Explicit Conduct in violation of 18 U.S.C. § 2251(a) and (e); one count of Receipt of a Visual Depiction Involving the Sexual Exploitation of a Minor in violation of 18 U.S.C. § 2252(a)(2) and (b)(1); and one count of Possession of a Visual Depiction Involving the Sexual Exploitation of a Minor (Prepubescent/Under 12 Years of Age) in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2) on May 15, 2019. ECF No. 11.

Three years later, the Defendant pleaded guilty to Counts Two and Three of the Indictment pursuant to a plea agreement, on June 23, 2022. ECF No. 97. The Defendant's sentencing was

originally set for September 1, 2022. ECF No. 100. Since, then the sentencing has been reset for a total of five times to dates in mid-September, November, and December of 2022, then finally for January 10, 2023. ECF Nos. 102, 106, 108, 109, 111. The sentencing hearing was originally reset because the United States Probation Department ("Probation") requested additional time to complete the Presentence Investigation Report (PSR). Probation provided both parties with a copy of the PSR on November 16, 2022.

The Defendant thereafter filed his first motion to continue his sentencing on November 23, 2022, in which defense counsel requested a sixty-day extension to "finish researching crafting cogent objections to the PSR," and because the Defendant "require[d] additional time to prepare for sentencing." ECF No. 111. The Government did not oppose this first request for a continuance. Defense counsel provided both probation and the Government with their objections to the PSR on December 16, 2022. Probation filed the PSR on January 3, 2022. The Defendant subsequently filed his Second Motion for Continuance in which he requests a sentencing date after January 20, 2023, "so that he can say his last goodbyes to his Grandmother, and so that can to put [SIC] his personal matters in order prior to be taken into custody." ECF No. 114.

II.     **Relevant Law and Background**

"The court must impose sentence without unnecessary delay." Fed. R. Crim. P. 32(b). "The Court may, for good cause, change any time prescribed in this rule." *Id.* Additionally, under the Crime Victims' Rights Act, victims of crimes have "[t]he right to proceedings free from unreasonable delay." 18 U.S.C. § 3771(a)(7).

The Court should proceed with the current sentencing date of January 10, 2023, so that, in accordance with Rule 32(b), the Court can impose sentence without unnecessary delay. There is no good cause for the Court to delay this sentencing for a sixth time. The Defendant is requesting a continuance so that he can "say his last goodbyes to his Grandmother," and so that he "can put his

personal matters in order prior to be taken into custody," however, Defendant has had more than sufficient time to say his goodbyes to all of his family, or any other person for that matter, and to set his affairs in order prior to be taken into custody. The Defendant pleaded guilty and was convicted of the charged offenses in June of last year; he has had approximately six months since then to prepare to be taken into custody. There is no reason to delay the sentencing any further.

Moreover, the victims of the Defendant's crimes are entitled to a timely resolution of this case, for which they have been patiently waiting over three years. A resolution free from unreasonable delay. The undersigned has been in contact with one of the victims of the Defendant's crime who has expressed frustration over the fact that the Defendant's sentencing has been reset several times.

### III. Conclusion

For all these reasons, the Court should deny Defendant's second motion to continue the sentencing hearing in this case.

Respectfully submitted,

JAIME ESPARZA
UNITED STATES ATTORNEY

By: _____/s/_____
SARAH VALENZUELA
Assistant U.S. Attorney
Texas Bar #24089261
700 E. San Antonio, Suite 200
El Paso, Texas 79901
(915) 534-6884

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 8, 2023, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System which will transmit notification of such filing to the attorney of record for defendant.

      By:     /s_____
               SARAH VALENZUELA
               Assistant U.S. Attorney